Ninth Circuit Case No. <u>21-55685</u>

# IN THE UNITED STATES COURT OF APPEAL FOR THE NINTH CIRCUIT

---

JOSE EMILIO RONDEROS, an Individual;
Plaintiff and Appellee

vs.

USF REDDAWAY INC., an Oregon Corporation; et al.,

Defendants and Appellants,

**APPELLEE'S ANSWERING BRIEF**

---

Appeal From The United States District Court For The Central District Of California
Hon. Michael W. Fitzgerald
Case No. 21-cv-00639-MWF (KKx)

---

Alireza Alivandivafa
State Bar No. 255730
1925 Century Park East, Suite 1990
Los Angeles, CA 90067
Telephone: (310) 570-2238
Facsimile: (310) 300-1015

Azad M. Marvazy
State Bar No. 298622
LIGHT LAW GROUP, APC.
1925 Century Park East, Suite 1990
Los Angeles, CA 90067
Telephone: (424) 241-3422
Facsimile: (424) 273-8884

Attorneys For Respondent Jose Ronderos

## TABLE OF CONTENTS

I.    INTRODUCTION AND SUMMARY OF ARGUMENT. . . . . . . . . . . . . . 1

II.   STATEMENT OF ISSUES PRESENTED FOR REVIEW . . . . . . . . . . . . 3

III.  ARGUMENT - THE AGREEMENT IS PROCEDURALLY AND

      SUBSTANTIVELY UNCONSCIONABLE. . . . . . . . . . . . . . . . . . . . . . . . . . .3

      A.   THE CHOICE OF LAW CLAUSE IS UNCONSCIONABLE AND

           UNENFORCEABLE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

           1.   The Choice of Law Clause is Procedurally Unconscionable. . . . . . . 6

           2.   The Choice of Law Clause is Substantively Unconscionable . . . . . . 7

      B.   THE AGREEMENT'S OTHER TERMS ARE PROCEDURALLY AND

           SUBSTANTIVELY UNCONSCIONABLE . . . . . . . . . . . . . . . . . . . . . . . 8

           1.   The Agreement is a Contract of Adhesion - Procedural. . . . . . . . . .8

           2.   The Agreement Impermissibly Robs Plaintiff of His Right to

                Apply California Law - Procedural and Substantive. . . . . . . . . . . . 9

           3.   The Agreement Contains Impermissible Cost Shifting Unique

                to Arbitration - Substantive and Procedural . . . . . . . . . . . . . . . . . .10

           4.   The Shortened Statute of Limitations is Unconscionable. . . . . . . . .13

           5.   Lack of Mutuality is Unconscionable . . . . . . . . . . . . . . . . . . . . . . . 14

      C.   SEVERANCE OF AN UNCONSCIONABLE PROVISION IS

           IMPROPER.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..20

# TABLE OF AUTHORITIES
## CASES

Abramson v. Juniper Networks, Incorporated, 115 Cal. App. 4th 638 (2004) .... 6, 15

Ajamian v. CANTORCO2E, LP, 203 Cal. App. 4th 771 (2012) .............................. 9

Ali v. Daylight Transportation., LLC, 59 Cal. App. 5th (2020) ............................. 18

Armendariz v. Foundation Health Psychcare Services, Incorporated., 24 Cal.4th 83 (2000)
........................................................................................................ 4, 5, 11, 13, 17

Carlson v. Home Team Pest Defense., Incorporated 239 Cal. App. 4th 619, 191 Cal. Rptr. 3d (2015) ............................................................................. 15

Circuit City Stores, Incorporated v. Adams, 279 F. 3d (9th Cir. 2002) .................... 3

Dekker v. Vivint Solar, Incorporated 479 F.Supp.3d 834 (N.D. C.A. 2020) ........... 3

Davis v. O'Melveny and Myers, 485 F. 3d (9th Cir. 2007) .............................. 13, 14

Ferguson v. Countrywide Credit Industries, Incorporated., 298 F.3d 778 (9th Cir. 2002) ............................................................................................................ 6, 14

First Options of Chicago, Incorporated v. Kaplan, 514 U.S. 938 (1995) ................. 3

Fitz v. NCR Corporation, 118 Cal. App. 4th 702 (2004) ...................................... 5, 6

Graham Oil Company v. ARCO Products Company., a Division of Atlantic Richfield Company, 43 F.3d 1244 (9th Cir. 1994) ................................................. 4

Gutierrez v. Autowest, Inc., 114 Cal.App.4th 77 (2003) ........................................ 12

Higgins v. Superior Court, 140 Cal.App.4th 1238 (2006) ...................................... 16

Little v. Auto Stiegler, Inc., 29 Cal.4th 1064 (2003) ........................................ 11, 12

Martinez v. Master Protection Corporation, 118 Cal.App.4th 107 (2004) .............. 13

Mercuro v. Superior Court, 96 Cal.App.4th 167 (2002)...........................................14

Nyulassy v. Lockheed Martin Corporation., 120 Cal. App. 4th 1267 (2004)......5, 19

OTO, L.L.C. v. Ken Kho, 141 S.Ct. 85 (2020)..........................................................12

Ontiveros v. DHL Express (USA) Incorporated., 164 Cal.App.4th 494 (2008)..5, 17

Peleg v. Neiman Marcus Group, Inc., 204 Cal. App. 4th 1425 (2012).....................7

Pinela v. Neiman Marcus Group, Incorporated, 238 Cal. App. 4th 227 (2015)
    ........................................................................................................5, 7, 8, 9, 10,
    12

Pokorny v. Quixtar, Incorporated, 601 F.3d 987 (9th Cir. 2010) .............................6

Samaniego v. Empire Today, LLC. 205 Cal. App. 4th 1138 (2012) ..............6, 7, 10

Sanchez v. Valencia Holding Co., LLC, 61 Cal.4th 899 (2015).......................11, 12

Stirlen v. Supercuts, Inc., 51 Cal.App.4th 1519 (1997)..........................................14

Tompkins v. 23andMe Inc.  840 F.3d 1016 (9th Cir. 2016) .....................................3

Wherry v. Award, Incorporated 192 Cal. App. 4th 1242 (2011)...................5, 17, 19

Zullo v. Superior Court,197 Cal.App.4th 477 (2011)........................................17, 19

## I. __INTRODUCTION AND SUMMARY OF ARGUMENT__

The District Court, following more than two decades of well established authority on arbitration contract formation in California, quite correctly denied the Defendant/Appellant's motion to compel arbitration. ER 2-21. Indeed, this finding was made despite the District Court disagreeing with some of Plaintiff/Appellant's arguments regarding substantive unconscionability, but instead saying they lent themselves to procedural unconscionability, leaving room for this Honorable Court to find that *even more* reasons the purported agreement is unenforceable. Id.

As background, Plaintiff/Appellee Jose Emilio Ronderos ("Plaintiff," "Appellee" or "Ronderos") was employed by Defendants USF Reddaway Inc. ("USF") and YRC Worldwide Inc. ("YRC") as a Line Haul Dispatcher on approximately January 9, 2017 (collectively "Defendant(s)" or "Appellant(s)".

Within six months, Mr. Ronderos was promoted to the position of Line Haul Manager, receiving a 22% raise. He satisfactorily performed his job duties until he was terminated on approximately June 28, 2019. Mr. Ronderos was the only employee terminated from the Line Haul Management function group, as stated in Exhibits A and A-1 to the Severance Agreement, Waiver and Release provided to him by Defendant.

1

Defendant claims to have selected Mr. Ronderos as part of a Reduction in Force, based on "an assessment of the Company's current and anticipated future business needs and organization in the Group Covered, and an assessment of the employees' seniority, job performance, functions, and/or skill set." In fact, Mr. Ronderos-the only Line Haul Manager laid off-was not only the eldest Line Haul Manager, but was also out on disability leave for cancer treatment at the time of his termination. It is painfully evident that Defendant terminated Mr. Ronderos' employment based on his age, his disability, his taking of medical leave, his need for further medical leave, and his need for reasonable accommodations of his disability and medical condition.

In this case, the Appellants moved to compel arbitration despite the very clear law on the subject of arbitration contract formation and such a purported contract which is offensive to the notion of good faith and fair dealing, let alone the very well established law on the topic. Indeed, their argument literally relies on the Court completely ignoring the well established law (including precedent from this very Court) and engaging in activist judging to force Mr. Ronderos into a fundamentally unfair forum. The District Court very clearly decided correctly, that decision should be affirmed, and the Plaintiff's clear constitutional right to jury trial preserved.

2

## II.    STATEMENT OF ISSUES PRESENTED FOR REVIEW

From the Appellant's perspective, only a single issue exists - whether the numerous unconscionable terms can be severed from their purported arbitration agreement with Appellee and that agreement thus enforced.  Appellee believes that not only was the District Court correct in ruling against Appellee, based on the clear law on the subject, but that the District Court did not go far enough in finding even more terms permeated with unconscionability.

## III.    <u>ARGUMENT - THE AGREEMENT IS PROCEDURALLY AND SUBSTANTIVELY UNCONSCIONABLE</u>

Federal courts are required to defer to state law when looking at issues of contract formation, including with regards to arbitration. *Circuit City Stores, Inc. v. Adams,* 279 F. 3d 889, 892-893 (9th Cir. 2002), citing  *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995). This has been shown as true over and over again in actions where Defendants attempt to compel arbitration under agreements that are unconscionable under the law of the state in which they were purported to be formed.  *Dekker v. Vivint Solar, Inc.* 479 F.Supp.3d 834 (N.D. C.A. 2020). Indeed, it is well established precedent in this Circuit that the Courts will comply with California law on striking down employment arbitration "agreements" that offend this unconscionability doctrine.   *Tompkins v. 23andMe,*

3

*Inc.* 840 F.3d 1016, 1026 (9th Cir. 2016). Where, as here, an arbitration agreement contains numerous unconscionable provisions, severance cannot save it. *Graham Oil Co. v. ARCO Products Co., a Div. of Atlantic Richfield Co.* (9th Cir. 1994) 43 F.3d 1244, 1248, *Armendariz v. Foundation Health Psychcare Services, Inc.,* 24 Cal.4th 83, 125 (2000).

In *Graham*, the court struck the entire arbitration agreement even though it contained only a few illegal clauses. The court reasoned that the arbitration agreement "establishe[d] a unified procedure for handling all disputes, and its various unlawful provisions [were] all a part of that overall procedure. Thus, we conclude that the [arbitration agreement] must be treated as a whole and that its various provisions are not severable." *Id.*

A court's power to reform an arbitration agreement is "limited to instances in which parties make mistakes, not to correct illegal provisions." *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal.4th 83, 125 (2000). The *Armendariz* court stated that "if the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced" since "multiple defects [in an agreement] indicate a systematic effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage." *Id.* at 124.

4

"The fact that an arbitration agreement contains more than one unlawful provision may indicate a systematic effort to impose arbitration on an employee ... as an inferior forum that works to the employer's advantage." *Ontiveros v. DHL Express (USA) Inc.,* 164 Cal.App.4th 494, 515 (2008).

The court in *Ontiveros* held that given the multiple unlawful provisions in the agreement, severance of the unlawful provisions was not appropriate. *Id.* The court further explained that where there is no single provision it can strike or restrict to remove the unconscionable taint from the agreement, it would have to cure the contract by reformation or augmentation, exceeding its judicial power. *Id.*, citing *Fitz v. NCR Corporation*, 118 Cal. App. 4th 702, 727 (2004).

Where the agreement is rife with unconscionability, the overriding policy requires that the arbitration be rejected. *Wherry v. Award, Inc.* 192 Cal. App. 4th 1242 (2011), citing *Armendariz,* 24 Cal.4th at 1278. Where, there are multiple provisions in an arbitration agreement rendering it unconscionable, and the unconscionable taint cannot be removed by striking just one offending provision, severance is inappropriate and the agreement is unenforceable. *Nyulassy v. Lockheed Martin Corp.,* 120 Cal. App. 4th 1267, 1287 - 1288 (2004).

Several Courts have refused to apply severance to an agreement that contains more than one unconscionable provision. See, e.g., *Pinela v. Neiman*

*Marcus Group, Inc.*, 238 Cal. App. 4th 227 (2015), *Samaniego v. Empire Today, LLC.* 205 Cal. App. 4th 1138 (2012) *Fitz*, 118 Cal. App. 4th at 726 - 727; *Ferguson v. Countrywide Credit Industries, Inc.,* 298 F.3d 778, 787 - 788 (9th Cir. 2002); *Abramson v. Juniper Networks, Inc.*, 115 Cal. App. 4th 638 (2004); *Pokorny v. Quixtar, Inc.*, 601 F.3d 987 (9th Cir. 2010).

The number of unconscionable provisions in Defendant's arbitration agreement illustrates a systematic effort by Defendant to gain an advantage over employees. Indeed, each factor, standing on its own, provides sufficient ground for the Court to deny Defendant's Motion to Compel Arbitration, given the severity of said provisions and the flagrance with which they violate the law. Together, the unconscionable provisions are so numerous that they permeate the entire agreement and further render it unenforceable.

## A. THE CHOICE OF LAW CLAUSE IS UNCONSCIONABLE AND UNENFORCEABLE

### 1. The Choice of Law Clause is Procedurally Unconscionable

The District Court, quite correctly, agreed with Appellee that this kind of choice of law clause is, at the very least, procedurally unconscionable. ER 10-11. To the extent the Respondents tries to contend their choice of law clause on enforcement is legal, and that an arbitrator must decide, that ship has sailed.

Employers have attempted to have their illegal choice of law provisions enforced, including in California, without success. Indeed, two published California cases on the subject have told Defendant employers, in no uncertain terms, that such a provision is illegal and unenforceable. *Pinela v. Neiman Marcus Group, Inc.* (2015) 238 Cal. App. 4th 227, *Peleg v. Neiman Marcus Group, Inc.*, 204 Cal. App. 4th 1425 (2012).

Where an adhesion contract to arbitrate is unconscionable under California law, the application of another state's choice of law is both unenforceable and unconscionable. *Pinela,* supra, 238 Cal.App.4th at 246-248, citing *Samaniego v. Empire Today, LLC.* (2012) 205 Cal. App. 4th 1138, 1148-1149. As the delegation clause stems from a procedurally unconscionable adhesion contract, we look to see if the term is substantively unconscionable.

### 2. The Choice of Law Clause is Substantively Unconscionable

While the District Court disagreed, Appellant believes that this Court should also find substantive unconscionability in this clause. If an arbitrator was allowed to act pursuant to the choice of law clause, the Indiana choice of law would make them 1) unable to properly address whether the agreement is unconscionable under California law and 2) would be unable to limit the choice of law provision to prevent substantial injustice, as required by California law.

7

*Pinela*, supra, 238 Cal.App.4th at 248. As discussed further below, this would rob Appellee of his fundamental rights under the law.

The Appellants, despite repeated legal rebukes of such theories, continue to insist on enforcing such illegal terms and must be prevented from doing so here.

## B. THE AGREEMENT'S OTHER TERMS ARE PROCEDURALLY AND SUBSTANTIVELY UNCONSCIONABLE

### 1. The Agreement is a Contract of Adhesion - Procedural

The District Court correctly noted that the adhesion contract the Appellant is trying to enforce is unconscionable on its face. ER 7-9. The purported agreement appears on a pre-printed form, immediately after an affirmation that a candidate for employment is affirming that they are making a statement that they have not been hired yet but will adhere to various company rules and are certifying that they will agree to refrain from using drugs in the workplace, along with various and sundry other employment terms. *See* ER 94-95, Arbitration "Agreement." There is no separate place to acknowledge the drug free policy, workplace testing policies or any other term contained in the candidate statement, but instead one signature line after the entire multi-page, tiny font document. Id.

It is unmistakable that this "agreement" is an adhesionary contract, signed

8

on a "take it or leave it" basis, which makes the agreement procedurally unconscionable under California law. *Pinela v. Neiman Marcus Group, Inc.,* 238 Cal. App. 4th 227, 242-243 (2015), citing *Ajamian v. CANTORCO2E, LP,* 203 Cal. App. 4th 771, 794 fn. 11 (2012). Indeed, in light of the illegal Indiana choice of law provision, lack of mutuality and other issues, this adhesionary basis is even more problematic and unconscionable than it usually is. *Pinela,* supra, 238 Cal. App. 4th at 243-244.

###    2.    The Agreement Impermissibly Robs Plaintiff of His Right to Apply California Law - Procedural and Substantive

Despite the law being abundantly clear that the application of California law, by a court or an arbitrator, must be protected in the context of Plaintiff's claims, Appellant attempts to abrogate that clear right. In *Pinela*, the Court specifically dealt with the unconscionability of applying an out of state choice of law to an arbitration contract entered into and purported to be enforced in California, against a California person. *Pinela v. Neiman Marcus Group, Inc.* (2015) 238 Cal. App. 4th 227. There, the Court stated that the arbitrator (as opposed to a Court) deciding contract defenses, including unconscionability, pursuant to Texas law would be a substantively unconscionable term under California law, and would render any delegation/choice of law provision

9

substantively unconscionable as well.  *Pinela*, supra, 238 Cal. App. 4th at 248.  In discussing further, the *Pinela* Court found that not only was the choice of law clause itself unconscionable, but that the inclusion of the clause was as well. *Id.*

In this case, the Defendant is again attempting to enforce a similar choice of law - substituting Indiana law for that of Texas. Such a provision is plainly both procedurally and substantively unconscionable, rendering it - and the whole agreement - unenforceable.  *Pinela*, supra, 238 Cal. App. 4th at 248-250.  Indeed, the *Pinela* Court specifically distinguishes other California and Federal cases in stating that "because of the Texas choice of law provision, an arbitrator addressing Pinela's argument that the Agreement as a whole is unconscionable would not have the authority to apply California unconscionability standards in making that determination" and that it "unfairly restricts the legal arguments that (plaintiff) can make if (they are) required to arbitrate his claim that the NMG Arbitration Agreement is unconscionable."  *Pinela*, supra, 238 Cal. App. 4th at 246.  The *Pinela* Court then found the choice of law term to be unconscionable on these grounds, rendering the agreement invalid. *Pinela*, supra, 238 Cal. App. 4th at 248-250, citing *Samaniego*, supra, 205 Cal. App. 4th 1138, 1148-1149.

**3.     The Agreement Contains Impermissible Cost Shifting**

**Unique to Arbitration - Substantive and Procedural**

While the District Court found this provision procedurally unconscionable, it did not reach the conclusion that it was substantively so. Appellee disagrees that the term is not also substantively unconscionable and believes this is an independent basis for this Honorable Court to affirm the denial. *Armendariz* was brutally clear in disallowing any payment of the costs unique to the arbital forum, and rendering any provision which shifted or shared these costs with the employee as unconscionable. *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal.4th 83 107-113 (2000). Despite this, the Defendant still included such an illegal provision in its arbitration agreement, nearly **two decades** after *Armendariz* was decided, and tries to enforce it today.

Specifically, the purported agreement expressly states that arbitration fees must be shared between the parties (ER 94-95, P. 2, ¶6, Ln. 1), despite the fact that the California Supreme Court has repeatedly stated that such a term must comport with California's provisions regarding cost shifting. *Sanchez v. Valencia Holding Co., LLC* 61 Cal.4th 899, 919-920 (2015), citing *Little v. Auto Stiegler, Inc.*, 29 Cal.4th 1064,1073-1074 (2003). This is particularly true in employment matters, where the equality of bargaining power and resources nearly always incredibly lopsided. *Sanchez*, supra, 61 Cal.4th at 919-920, citing *Armendariz v. Foundation Health Psychcare Services, Inc.* 24 Cal.4th 83, 112-115 (2000). Indeed, the

11

*Sanchez* Court specifically agreed with *Little* in determining that the fee shifting rule in the context of employment matters, as opposed to certain consumer transactions, is categorical and inviolable, even in a so called "optional" process, specifically because employees require greater protection. *Id.*, see also *Gutierrez v. Autowest, Inc.*, 114 Cal.App.4th 77, 97 (2003), citing *Little*, supra, 29 Cal.4th at 1084-1085.

This becomes even more offensive in that the clause is written to apply the laws of Indiana, despite the purported contract forming in California. As discussed above, such a term is generally unconscionable on its face, but even moreso when it involves a law that conflicts with the fundamental nature of the law of the state it was formed in, therefore robbing an employee Plaintiff of their rights under the law of the state in which they worked. *Pinela, supra*. As the District Court noted in finding this term procedurally unconscionable, the complexity of understanding legal statutes - especially in light of the complex choice of law clause for a state two-thirds of a continent away - certainly is what the California Supreme Court has envisioned in finding very recent arbitration agreement unconscionable and unseverable. *OTO, L.L.C. v. Kho*, 8 Cal.5th 111, 128 (2019), *cert. denied sub nom. OTO, L.L.C. v. Ken Kho*, 141 S.Ct. 85 (2020).

To the extent that Appellant states that the passive aggressive inclusion of a

statement about case law or statute absolves them from their sins, that is mere subterfuge and counter to the intent in *Armendariz.* While the District Court cited the ability to clarify as a reason this would not be substantively unconscionable, Appellant believes that the issue with an Indiana choice of law proves fatal to this argument. The fact that the Indiana Uniform Arbitration Act expressly allows for fees and costs of arbitration to be applied as awarded by the arbitrator, leaving that to their discretion, makes this term substantively unconscionable in nature - as well as the procedurally unconscionable basis found by the District Court. IN Code § 34-57-2-11.

A term so blatantly violative of the law is the epitome of substantive unconscionability and this agreement cannot survive.

### 4.    The Shortened Statute of Limitations is Unconscionable

The District Court agreed with Appellee that, under California law, shortening a statute of limitations provision in the context of employment arbitration is expressly unconscionable. ER 12-14, *Davis v. O'Melveny & Myers,* 485 F. 3d 1066, 1076-1077 (9th Cir. 2007), citing *Martinez v. Master Protection Corp.*, 118 Cal.App.4th 107 (2004). In the *Davis* case, the Court referred to a "notice" provision in the arbitration clause that required the Plaintiff to make a demand for a mediation prerequisite to arbitration within one year of a claim

13

arising. *Davis, supra* at 1071. The Court found that such a provision was an expressly unconscionable reduction in the statutory time period to bring a claim. *Davis,* 485 F. 3d 1076-1077.

In this case, a nearly identical waiver and requirement to give "notice" within one year is contained in the clause, using an employer-created form. (ER 94-95, P. 2, ¶2). Plaintiff's claims in this case have statutes of limitations ranging from 3+1 years (FEHA), 2 years (Wrongful Termination), 3 years (1102.5) and 3-4 years (wage claims) and that is generally true of California's workplace protections. As the District Court correctly found, such a waiver is illegal, unconscionable and has been held over and over to be cause to invalidate an arbitration clause.

### 5. Lack of Mutuality is Unconscionable

The District Court correctly found that "(t)he Arbitration Clause is rife with one-sided provisions favoring Defendants." ER-169-170. It is well established that where claims that would ordinarily be brought by an employer, particularly when written to be expressly unilateral, are excluded from an arbitration clause, the clause lacks mutuality and is unconscionable. *Ferguson v. Countrywide Credit Industries, Inc.,* 298 F.3d 778 (9th Cir. 2002), citing *Stirlen v. Supercuts, Inc.*, 51 Cal.App.4th 1519 (1997), *Mercuro v. Superior Court*, 96 Cal.App.4th 167 (2002),

14

accord *Abramson v. Juniper Networks, Inc.* 115 Cal. App. 4th 638, 664-666 (2004) (unilateral, or even mutual, carve outs on claims almost exclusively brought by employers, like trade secrets, are substantively unconscionable). .

In this case, the arbitration clause expressly excludes employer claims, stating as follows:

> "(4) Claims that **the Company** may have against me for preliminary Injunctive relief, such as to prevent me from violating a confidentiality agreement or disclosing trade secrets. However, claims that the Company retaliated or discriminated against me for filing a state employment insurance claim shall be subject to arbitration." ER-95, P. 2, ¶2

By itself, this clause clearly shows that Defendant is attempting to game the system in its favor by forum shopping their preferred claims in Court, while forcing Plaintiff into arbitration. This is an unconscionable, and blatant, lack of mutuality, rejected time and again by the Courts. *Id.*

Indeed, the District Court found that the lack of mutuality and shortened statute of limitations and the limitations notice procedure were intertwined, leaving the "agreement" rife with terms that burden a Plaintiff employee far more than a Defendant employer. ER 169-170, citing *Carlson v. Home Team Pest Def.,*

15

*Inc.* 239 Cal. App. 4th 619, 627, 191 Cal. Rptr. 3d 29 (2015) (pointing to agreement's dispute resolution request procedure, which was imposed on the employee but not the employer, as an example of substantive unconscionability because of its lack of mutuality).

## C.    SEVERANCE OF AN UNCONSCIONABLE PROVISION IS IMPROPER.

The Appellants claim that there is a strong public policy toward resolving disputes in arbitration.  What they fail to mention is that, in the case of an unconscionable contract to arbitrate, such a policy no longer applies.  *Higgins v. Superior Court*, 140 Cal.App.4th 1238, 1248 (2006): ("The strong public policy of this state in favor of resolving disputes by arbitration does not extend to an arbitration agreement permeated by unconscionability.").  Despite this, Appellant makes the bizarre argument that the District Court - and now this Court - should completely ignore more than twenty years of well established law and tries to call prodigious authority a wayward "line of cases" that should be completely ignored.  ER-34: Ln. 12-13.  This odd argument seems to suggest that this "line of cases" is something in the past, despite California courts being quite clear in very recent times that the severance doctrine applies exactly how the District Court applied it here. *De Leon v. Pinnacle Property Management Services, LLC,* 72 Cal.App.5th

16

476 (2021). As discussed above, and further herein, Severance is simply unavailable where the arbitration clause is unconscionable. *Ontiveros v. DHL Express (USA) Inc.,* 164 Cal.App.4th 494, 515 (2008).

In perhaps the most important part of *Armendariz*, the California Supreme Court held that more than one unlawful provision is evidence of an intent to use arbitration to gain an unfair advantage against an employee in twisting the forum to the employer's advantage. *Armendariz*, supra, at 124-125. It is clear that the Armendariz Court held that "multiple defects indicate a systematic effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage." *Id.* at 122. Further, attempting to illegally limit Appellee's remedies, as discussed above, is grounds to deny any attempt to force arbitration. *Id.* at 124, n. 13. Indeed, California Courts routinely refuse to sever and deny motions to compel arbitration on such grounds. See e.g. *Wherry v. Award, Inc.,* 192 Cal.App.4th 1242, 1250 (2011), *Zullo v. Superior Court,* 197 Cal.App.4th 477 (2011), citing *Armendariz*, supra 24 Cal.4th at 124. Indeed, it is quite telling that Appellant's own authority - *Lange* - does not support their position of literally throwing out two decades of authority on severance, but instead support's Respondent/Plaintiff's position, as noted at oral argument. ER-31: Ln. 8-15, *Lange v. Monster Energy Co.*, 46 Cal.App.5th 436

17

(2020). Indeed, the *Lange* court specifically notes that a finding of the permeation by unconscionability by a trial court, which the District Court here found, expressly bars severance. *Id.* at 455.

Indeed, the District Court correctly distinguished this and the myriad other cases that state severance is unavailable from the very few that allow for severance, noting that the cases where severance didn't occur were ones where minor degrees of procedural unconscionability existed and further that the substantive unconscionability was lacking in both volume and substance. ER 14-21. The District Court correctly noted the well established law stating that "(t)he ultimate issue in every case is whether the terms of the contract are sufficiently unfair, in view of all relevant circumstances, that a court should withhold enforcement." *Ali v. Daylight Transp., LLC,* 59 Cal. App. 5th 462, 481-82 (2020) (upholding trial court's refusal to sever contract of adhesion where it exhibited a moderate level of procedural unconscionability and had three substantively unconscionable terms that unfairly favored employer in various ways, indicating "a systematic effort to impose arbitration on [employees] as an inferior forum that works to [the employer's] advantage"). The Court quite correctly stated that "...no justice would be furthered by severance and the Contract's unconscionable terms are sufficiently unfair that the Contract should not be enforced." See *Baeza v.*

18

*Superior Court*, 201 Cal. App. 4th 1214,1230 (explaining that the "overarching inquiry" in determining whether to sever unconscionable provisions or invalidate the entire agreement is whether severance would further "the interests of justice"). This fits entirely with the conclusion in Appellant's own authority that a trial court finding permeation means severance is off the table. *Lange v. Monster Energy Co.*, 46 Cal.App.5th 436, 455 (2020).

Nearly twenty years after *Armenardiz*, it is safe to say that even single unconscionable provision, if it is substantive enough, is clear evidence of an intent to gain an unfair advantage against an employee. That said, this agreement clearly contains multiple examples of unconscionability, so as to determine that the Appellants are seeking to obtain an advantage.

There is ample California authority supporting that two unconscionable provisions is clear evidence of the Appellants' intentions to create unfairness and the contract should be voided on that basis as unenforceable given Appellee's unwaivable statutory rights that are at issue. See e.g. *Wherry v. Award, Inc.* (2011) 192 Cal. App. 4th 1242, 1250, *Zullo v. Superior Court* (2011) 197 Cal.App.4th 477, *Nyulassy v. Lockheed Martin Corp.*, 120 Cal. App.4th 1267, 1288 (2004). In this case, we have between three and four substantively and between three and five procedurally unconscionable terms, and the District Court

properly found that this agreement is permeated by unconscionability.

## IV.    <u>CONCLUSION</u>

The Defendants' arbitration agreement is both procedurally and substantively unconscionable.  The District Court's reasoning complied with the law and did not abuse discretion.  The Court should affirm the denial of the motion to compel.

Respectfully submitted,

Dated: February 22, 2022          BY:

/s/ Alireza Alivandivafa

Alireza Alivandivafa
Azad Marvazy
Attorneys for Appellant