No. 21-55685

# In the United States Court of Appeals
## FOR THE NINTH CIRCUIT

JOSE EMILIO RONDEROS, an individual,

*Plaintiff - Appellee*,

v.

USF REDDAWAY, INC., an Oregon Corporation;
YELLOW CORPORATION, FKA YRC Worldwide, Inc.,

*Defendants - Appellants*.

On Appeal from the U.S. District Court for the District of Central California
No. 5:21-cv-00639 (Hon. Michael W. Fitzgerald)

## APPELLANTS' REPLY BRIEF

Jason S. Mills
Samson C. Huang
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071
(213) 612-7387
jason.mills@morganlewis.com
samson.huang@morganlewis.com

Catherine Eschbach
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana St., Suite 4000
Houston, TX 77002
(713) 890-5719
catherine.eschbach@morganlewis.com

Thomas M. Peterson
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
(415) 442-1344
thomas.peterson@morganlewis.com

Counsel for Appellants
USF REDDAWAY, INC. AND
YELLOW CORPORATION

**TABLE OF CONTENTS**

Page

ARGUMENT IN REPLY ......................................................................1

I.  INTRODUCTION. ......................................................................1

II. APPELLEE FAILS TO DEFEND THE DISTRICT COURT'S REA-
    SONING. ..............................................................................1

    A.  Appellee does not defend the district court's perception of
        heightened procedural unconscionability based on the agree-
        ment's format. ...............................................................1

    B.  Appellee fails to defend the district court's findings on lack of
        mutuality.......................................................................6

III. THE DISTRICT COURT PROPERLY REJECTED APPELLEE'S
     OTHER ARGUMENTS REGARDING SUBSTANTIVE UNCON-
     SCIONABILITY. .....................................................................8

    A.  The choice of law clause is not substantively unconscionable. ...........8

    B.  The cost-shifting provision is not substantively unconscionable. .....12

IV. PROPER APPLICATION OF CALIFORNIA LAW REQUIRES
    SEVERANCE AND ENFORCEMENT OF THE ARBITRATION
    AGREEMENT.........................................................................13

    A.  Appellee ignores the parties' severability clause...............................14

    B.  Armendariz supports severance here. ...............................................15

    C.  Under the facts of this case severance is appropriate........................16

    D.  Appellee fails to meet his burden to show the arbitration agree-
        ment should not be enforced. ...........................................................19

CONCLUSION ....................................................................................20

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abramson v. Juniper Network, Inc.*,
115 Cal. App. 4th 638 (2004) ...............................................................7

*Armendariz v. Foundation Health Psychcare Services, Inc.*,
24 Cal. 4th 83 (2000) ..................................................................*passim*

*Carlson v. Home Team Pest Defense, Inc.*,
239 Cal. App. 4th 619 (2015) ...............................................................6

*De Leon v. Pinnacle Property Management Services, LLC*,
72 Cal. App. 5th 476 (2021) ...............................................................17

*Ferguson v. Countrywide Credit Indus., Inc.*,
298 F.3d 778 (9th Cir. 2002) ..............................................................19

*Galen v. Redfin Corp.*,
No. 14-CV-05229-TEH, 2015 WL 7734137 (N.D. Cal. Dec. 1, 2015) ..............9

*Harris v. Bingham McCutchen LLP*,
214 Cal. App. 4th 1399 (2013) ........................................................3, 9

*Itkoff v. ABC Phones of N. Carolina, Inc.*,
No. 817CV02043JLSJDE, 2018 WL 6242158 (C.D. Cal. Oct. 11,
2018) ................................................................................................13

*Jackson v. Rent-A-Ctr. W., Inc.*,
581 F.3d 912 (9th Cir. 2009), *rev'd on other grounds*, 561 U.S. 63
(2010) ...............................................................................................12

*Montes v. San Joaquin Cmty. Hosp.*,
No. 1:13-CV-01722-AWI, 2014 WL 334912 (E.D. Cal. Jan. 29,
2014) ................................................................................................13

*Ontiveros v. DHL Express (USA), Inc.*,
164 Cal. App. 4th 494 (2008) .............................................................19

ii

*Pinela v. Neiman Marcus Group, Inc.*,
    238 Cal. App. 4th 227 (2015) ................................................................10, 11

*Pokorny v. Quixtar, Inc.*,
    601 F.3d 987 (9th Cir. 2010) ................................................................19

*Poublon v. C.H. Robinson Co.*,
    846 F.3d 1251 (9th Cir. 2017) ................................................................14

*Samaniego v. Empire Today LLC*,
    205 Cal. App. 4th 1138 (2012) ................................................................19

*Smith v. Marsh*,
    194 F.3d 1045 (9th Cir. 1999) ................................................................4

*Solorio v. ABC Phones of N. Carolina, Inc.*,
    No. 120CV01051NONEJLT, 2021 WL 363680 (E.D. Cal. Feb. 3,
    2021) ................................................................13

*Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior
    Univ.*, 489 U.S. 468 (1989) ................................................................8

*Wherry v. Award, Inc.*,
    192 Cal. App. 4th 1242 (2011) ................................................................18

*Wolsey, Ltd. v. Foodmaker, Inc.*,
    144 F3d 1205 (9th Cir. 1998) ................................................................8

*Zullo v. Superior Court*,
    197 Cal. App. 4th 477 (2011) ................................................................18, 19

**Statutes**

Cal. Civ. Code § 1599 ................................................................15

Indiana Code § 34-57-2-11 ................................................................5

**Other Authorities**

Chin, Wiseman, Callahan & Lowe, California Practice Guide:
    Employment Litigation (The Rutter Group December 2020
    Update) ¶ 18:372 ................................................................9

# ARGUMENT IN REPLY

## I.     Introduction.

Applying the well-established principles of California law, the arbitration agreement should have been enforced because there was a low level of procedural unconscionability and the one substantively unconscionable provision should have been severed.  As Appellants explained in the opening brief, the district court erred in the amount of procedural and substantive unconscionability that it perceived.  Appellee largely declines to defend the district court's reasoning or explain why, if Appellants are correct about the amount of unconscionability in the agreement, it should not be enforced.  Instead, Appellee rehashes arguments for additional unconscionability in the agreement—arguments the district court correctly rejected.

## II.    Appellee Fails To Defend The District Court's Reasoning.

### A.     Appellee does not defend the district court's perception of heightened procedural unconscionability based on the agreement's format.

Appellants explained that the district court erred in relying on *Kho v. OTO, LLC* and *Davis v. TWC Dealer Group, Inc.* to find procedural unconscionability arising from the arbitration agreement based on anything other than the contract's adhesive character.  Opening Br. at 14-21.  As Appellants explained, the *Kho* and *Davis* cases were not briefed to the district court, are factually distinguishable, and have

1

been limited by subsequent caselaw. *Kho* and *Davis* found procedurally unconscionable a small font, single-spaced, 51-line arbitration agreement containing run on sentences and legal jargon. Opening Br. at 14-15. That is not the situation here where the font of the type in the agreement is a readable size and broken up into nine paragraphs with space between them. Any necessary legal jargon is first introduced with a plain language explanation and there are no run on sentences. Opening Br. at 16-18. Thus, as Appellants have argued, *Kho* and *Davis* are off-point. It was error for the district court to rely on them to find additional procedural unconscionability.

Appellee makes no effort to defend the district court's analysis of *Kho* and *Davis*, which was not even a basis for procedural unconscionability that Appellee argued below. *See* Response Br. at 6-12; ER-65-69. To the extent that Appellee does discuss *Kho*, it is to argue that choice of law clauses can contain the kind of unconscionability that "the California Supreme Court has envisioned in finding [sic] very recent arbitration agreement unconscionable and unseverable." Response Br. at 12. But *Kho* does not even discuss choice of law clauses. *See generally*, 8 Cal. 5th 111 (2019). And courts have also subsequently clarified *Kho*'s reasoning to limit its discussion of legal jargon to the particular facts of that case, as it is to be expected that a legal document will have some "legal jargon." *See* Opening Br. at 16.

To the extent Appellee is arguing that the arbitration agreement's choice of law clause is procedurally unconscionable because it contains a statutory reference,

such an argument (1) cannot be squared with the district court's reasoning elsewhere; and (2) overstates the complexity of the choice of law provision in the agreement. As noted in the opening brief, the district court's opinion simultaneously faulted Appellants for including statutory references in the agreement and then faulted Appellants for not including statutory and case references relevant to other provisions in the agreement, such as the cost-shifting provision. Opening Br. at 18. Appellee provides no way to reconcile this conflict in reasoning.

If Appellee is implying that a state law other than California's law should never apply, or that choice of law clauses selecting the law of jurisdictions other than California are always unconscionable, this reasoning cannot be squared with well-established California law favoring choice of law provisions (including the selection of another state's law). *See Harris v. Bingham McCutchen LLP*, 214 Cal. App. 4th 1399, 1404 (2013); Opening Br. at 20. As the opening brief explained, there was no surprise or complexity in the choice of law provision here, which simply selected the Indiana Uniform Arbitration Act *if* the Federal Arbitration Act was inapplicable for any reason. Opening Br. at 19-20. It is hard to envision a choice of law clause more clear than the one here: "I agree that this arbitration and this Agreement shall be controlled by the Federal Arbitration Act ("FAA"). If for any reason the FAA does not apply or if the FAA is silent on the issue, then the provisions of the Indiana Uniform Arbitration Act (Indiana Code 34-57-2) shall apply (to the extent they do

not conflict with the FAA)[.]" ER-95. The district court overly complicated the analysis by saying it would need to do a "painstaking comparison" between the two arbitration acts, ER-11, a view that Appellee seems to also adopt. But neither the district court nor the Appellee address (or appear to have contemplated) that it would be far more complicated and surprising for an arbitration agreement not to include a backup choice of law clause in the event the FAA was found inapplicable. In that event, the court would have to undertake a complicated choice of law analysis with no notice to Appellee of which potential state's laws might govern the arbitration agreement.

Appellee also argues for the first time that the choice of law is procedurally unconscionable[1] because Indiana law conflicts with California law on arbitral cost shifting provisions. Response Br. at 12. Appellee has forfeited this argument because it was not raised in the district court. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal.").[2] But even on the merits there is no conflict. The Indiana statute provides: "The arbitrators' expenses and fees, together with other

---

[1] It is not entirely clear to what extent Appellee is making an argument about procedural or substantive unconscionability here. Substantive unconscionability is further addressed, post, Part III.B.

[2] Although, Appellants acknowledge that this Court can affirm on any ground supported by the record, Appellee bore the burden in the district court to show unconscionability and failed to raise this argument at that time.

expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." Indiana Code § 34-57-2-11. But nothing in this provision would permit the arbitrator to override the parties' contractual agreement on cost-splitting which is, in the agreement here, aligned with California law. Opening Br. at 18-19. Moreover, any alleged conflict would not ever arise here because Appellee does not contest that the FAA applies and there would be no occasion for the arbitrator to apply Indiana law.

Thus, to sum up, the district court erred in deciding that there was any procedural unconscionability beyond the arbitration agreement being an adhesive contract. Appellee does not defend the district court's analysis of *Kho* and *Davis*, which falls apart on a simple visual comparison of the arbitration provisions in those cases and the one here.[3] And Appellee's suggestion that the arbitration agreement's choice of law features are so complex as to be procedurally unconscionable does not withstand scrutiny. Therefore, this Court should hold that the only procedural unconscionability in the arbitration agreement derives from its adhesive nature and is only a very low level of procedural unconscionability.

---

[3] *See* Opening Br. at 17 n.6 (noting where the *Kho* arbitration agreement can be viewed on Westlaw in its original form).

**B.    Appellee fails to defend the district court's findings on lack of mutuality.**

Appellants have explained that the district court erroneously expanded Appellee's grounds for asserting an alleged lack of mutuality and erred in its analysis of the amount of substantive unconscionability.  Below, Appellee only argued that the preliminary injunction provision lacked mutuality.  The district court went further and held that the so-called "notice" provision lacked mutuality as to the (1) the time period and (2) the notification features.  Opening Br. at 21-15.

The district court, however, erred in its analysis of the notification provision, relying on a case neither party cited to it: *Carlson v. Home Team Pest Defense, Inc.*, 239 Cal. App. 4th 619 (2015).  Opening Br. at 24 n.11.  In *Carlson*, the provision at issue required only the employee to submit to mediation without an attorney where he could be pressured.  Whereas here, the provision here simply required Appellee to mail a form to initiate arbitration, a task that required no interaction with Appellants, much less interaction without an attorney.  Opening Br. at 24.  Moreover, Appellants would possess the information on how to initiate the arbitration, whereas Appellee likely did not.  Appellee does not defend the district court's reasoning but simply regurgitates the citation to *Carlson* without further explanation.  Resp. Br. at 15.

Nor does Appellee address Appellants' arguments as to why the other provisions of the arbitration are not as one-sided as the district court thought.  Appellee

does not address Appellants' arguments that there is some benefit to Appellee in the one-year period to submit claims. Nor does Appellee respond to Appellants' arguments that the district court erred by disregarding Appellants' business reasons for the preliminary injunction provision and failed to recognize this provision was far more limited than the cases the court relied upon. Opening Br. at 25-27. Instead, Appellee simply copied and pasted its (limited) argument from the district court, which merely recites the clause at issue and cites *Abramson v. Juniper Network, Inc.*, 115 Cal. App. 4th 638 (2004), a case with a clause much broader than the one here. *See* Response Br. at 14-15; Opening Br. at 26.

The district court's conclusions about the lack of mutuality are not supported by the caselaw it cited and Appellee has no answer to Appellants' arguments on appeal. The three provisions the district court identified—the preliminary injunction provision, the one-year period to mail claims, and the notification provision—are not so one-sided as to be "overly harsh" or "unduly oppressive." This case does not involve an agreement infected by a lack of mutuality. Even if the one-year period was substantively unconscionable because it limited the time period, it was not substantively unconscionable based on a lack of mutuality. The district court erred in the amount of lack of mutuality it found and thus the overall amount of substantive unconscionability it found.

## III. The District Court Properly Rejected Appellee's Other Arguments Regarding Substantive Unconscionability.

While Appellee largely ignores Appellants' actual arguments on appeal, Appellee re-raises grounds for substantive unconscionability the district court rejected below: (1) the choice of law provision; and (2) the cost-shifting provision. These arguments have no merit and were properly rejected by the district court.

### A. The choice of law clause is not substantively unconscionable.

The district court correctly concluded that the choice of law clause is not substantively unconscionable. ER-10-11. Appellee had argued in the district court (and repeats here on appeal) that the provision was substantively unconscionable because it precluded the application of California law to the unconscionability analysis. ER-65-67; Response Br. at 7-10. But, as the district court noted, all parties here agree that California law governs the contract formation and the unconscionability analysis. ER-10; see ER-49 (agreeing California law governed the analysis). And, as the district court also noted, there is no dispute here that the FAA applied. ER-10.

Moreover, as discussed ante, at 3, California law favors enforcing choice of law provisions—even those that select another state's law. It is well established that "parties are free to contract around the FAA by incorporating state arbitration rules into their agreements." *Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F3d 1205, 1209 (9th Cir. 1998); *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989) ("Arbitration under the [FAA] is a matter of consent, not

coercion, and parties are generally free to . . . specify by contract the rules under which that arbitration will be conducted."). Here the parties did not contract around the FAA. They merely selected a backup law (thereby obviating the need for any complex choice of law analysis) in the event the FAA proves inapplicable.

California courts routinely enforce choice of law provisions in employment arbitration agreements that select another state's law. *See, e.g.*, *Harris*, 214 Cal. App. 4th at 1405 (concluding "that Massachusetts law governs the enforceability of the arbitration clause in the employment agreement at issue here."); *see also* Chin, Wiseman, Callahan & Lowe, California Practice Guide: Employment Litigation (The Rutter Group December 2020 Update) ¶ 18:372 ("An arbitration agreement may contain a provision designating the law of a particular state to govern the arbitration. Such provisions are given effect provided there is no conflict with the policies underlying state or federal law."). Thus, the inclusion of a choice of law clause cannot be substantively unconscionable per se.

Appellee does not explain how his rights would be affected or diminished by the application of the Indiana Uniform Arbitration Act instead of the FAA (or even the California Arbitration Act ("CAA"), for that matter) such that the agreement's choice of law provision should be deemed unfairly harsh or one-sided. *See Galen v. Redfin Corp.*, No. 14-CV-05229-TEH, 2015 WL 7734137, at *10 (N.D. Cal. Dec. 1, 2015) ("A choice of law clause may render an arbitration clause unconscionable if

its operation would deprive the plaintiff of statutorily protected rights, such as employment benefits"). At most, Appellee argues for the first time on appeal that, in the event the FAA did not apply (and there is no argument it does not), there may be a conflict between California and Indiana law on the allocation of arbitral costs. Response Br. at 12. But, as explained ante, at 4-5, there is no merit to this argument.

Appellee's reliance on *Pinela v. Neiman Marcus Group, Inc.*, 238 Cal. App. 4th 227 (2015), to argue the choice of law provision here is substantively unconscionable (Response Br. at 9-10) is to no avail because the clause in *Pinela* had the effect of eliminating the plaintiff's ability to make unconscionability arguments under California law. Here, by contrast, Appellee is not precluded from raising any unconscionability arguments under California law. In *Pinela*, the choice of law provision read: "This Agreement shall be construed, governed by, and enforced in accordance with the laws of the State of Texas (except where specifically stated otherwise herein), except that for claims or defenses arising under federal law, the arbitrator shall follow the substantive law as set forth by the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit." *Id.* at 243. The court interpreted this provision to mean that Texas law would apply to both Pinela's substantive claims as well as the enforceability of the arbitration agreement. *Id.* at 251 ("[The choice of law provision] is more broadly problematic . . . since it not only limits [plaintiff's] ability to attack the Agreement as a whole as unconscionable, but

10

on its face disables California substantive law, undermining his claims on the merits.").

The *Pinela* court interpreted the choice of law provision to provide that Texas law would apply to even Plaintiff's substantive claims, and not just to questions regarding enforceability of the arbitration agreement. As a result, *Pinela* concluded that because Texas law did not recognize a private right of action to enforce its wage and hour protections, in contrast to California law, which does allow private action enforcement, the choice of law provision effectively "eliminated" Pinela's unwaivable statutory claims by "blocking him from pursuing his claims at all, not merely burdening their pursuit in arbitration." *Id.* In other words, "forcing Pinela to arbitrate under Texas law not only destroys the foundation for his affirmative claims, it eliminates his ability to argue unconscionability using California public policy as a measuring stick for enforceability." *Id.* at 257.

Here, unlike in *Pinela*, the choice of law provision is markedly different and does not broadly provide that Indiana law applies regarding Appellee's substantive claims. Rather, it merely provides that the IUAA, Indiana's law concerning the enforceability of arbitration agreements, may apply if, and only if, the agreement is found to not be covered by the FAA. As noted, however, the FAA does apply.

The district court correctly concluded that the choice of law provision is not substantively unconscionable.

11

**B.      The cost-shifting provision is not substantively unconscionable.**

Appellee continues to insist that the arbitration agreement's cost-shifting provision violates the rule from *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83 (2000), that employees cannot bear costs unique to the arbitral forum.  Response Br. at 10-12.  But as Appellants explained in the opening brief, the cost-shifting provision here sets forth in plain language the rule from *Armendariz*.  *See* Opening Br. at 18-19.  And, as the district court held, the conditional language in the cost-shifting provision comports with California law.  ER-10.

The cost-shifting provision contains an express limitation that there will be no cost splitting, and all costs and fees associated with arbitration will be paid by Appellants, if "express statutory provisions or controlling case law" prohibit the splitting of such costs.  ER-95.  An employee in California cannot be required in connection with a mandatory arbitration agreement to "bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court," *Armendariz*, 24 Cal. 4th at 110-11, and controlling case law prohibits the splitting of costs.  But the agreement here does not purport to require Appellee to split the costs of arbitration.  The provision in question is therefore not substantively unconscionable.  *See, e.g.*, *Jackson v. Rent-A-Ctr. W., Inc.*, 581 F.3d 912, 919 (9th Cir. 2009) (finding no substantive unconscionability where "the agreement itself effectively states that the fee-sharing provision is inapplicable if it is unconscionable

12

under [applicable state] law"), *rev'd on other grounds*, 561 U.S. 63 (2010); *Solorio v. ABC Phones of N. Carolina, Inc.*, No. 120CV01051NONEJLT, 2021 WL 363680, at *15 (E.D. Cal. Feb. 3, 2021) ("Because the fees and costs provision clearly is limited to applicable law, ABC employees are not required to incur any type of costs they would otherwise avoid in court."); *Itkoff v. ABC Phones of N. Carolina, Inc.*, No. 817CV02043JLSJDE, 2018 WL 6242158, at *8 (C.D. Cal. Oct. 11, 2018) (holding that provision recognizing that costs of arbitration will be allocated "in accordance with then-applicable law" did not conflict with *Armendariz*'s requirement that employers bear the expenses unique to arbitration); *Montes v. San Joaquin Cmty. Hosp.*, No. 1:13-CV-01722-AWI, 2014 WL 334912, at *11 (E.D. Cal. Jan. 29, 2014) (holding that provision in which employer agreed to pay all costs of arbitration "[t]o the extent required by applicable law" was not substantively unconscionable).

The district court correctly held the cost shifting provision of the agreement is not substantively unconscionable.

## IV. Proper Application Of California Law Requires Severance And Enforcement Of The Arbitration Agreement.

Far from asking this Court to ignore twenty years of precedent as Appellee claims, Response Br. at 16, Appellants ask this Court to faithfully apply California law, including the *Armendariz* decision. *See* Opening Br. at 30. Applying California law and giving effect to the parties' severability clause, as required under California

contract law, the district court should have severed any substantively unconscionable provisions because they were collateral.  This result is consistent with this Court's precedent in *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251 (9th Cir. 2017), which held a district court erred under California law in refusing to sever similar provisions. Appellee does not even acknowledge or address *Poublon* or the long list of cases holding that severance is appropriate under California law.  *See* Opening Brief at 35-36.  None of the cases Appellee cites compels a different result here.

### A.    Appellee ignores the parties' severability clause.

Appellee does not acknowledge the existence of the severance provision in the agreement or address its significance to this case.  Because the parties contractually agreed to sever any unconscionable provisions, Appellee's policy-based arguments are to no avail.  *See* Opening Br. at 37-38.  Nor does Appellee explain how the district court's statement, that "[s]everance would only give Defendants an undeserved benefit to Plaintiff's detriment," 1ER-18, can be construed as anything other than the sort of hostility to arbitration that courts have been repeatedly warned against.  *See* Opening Br. at 38.  Any discretion the district court may have otherwise had under California law not to sever an unconscionable provision simply cannot be squared with the inclusion of a severability clause in the contract itself.  Opening Br. at 37.  Appellee has no answer to the point that California statutes favor severing

unconscionable provisions, *see* Cal. Civ. Code § 1599. That is the policy of the law to be served and advanced here.

### B. *Armendariz* supports severance here.

Appellee's main contention seems to be that *Armendariz* does not permit severance if there is more than one potentially unconscionable provision. Response Br. at 16, 18. But this is a serious misreading of *Armendariz,* which instructs:

> Courts are to look to the various purposes of the contract. If the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced. If the illegality is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance or restriction, then such severance and restriction are appropriate.

24 Cal. 4th at 124. In determining the agreement at issue was in fact permeated with illegality, the *Armendariz* court looked both to the presence of more than one unlawful provision and to "the fact that there is no single provision a court can strike or restrict in order to remove the unconscionable taint from the agreement." *Id.* at 124-25.

Here, applying *Armendariz*, there is at most one substantively unconscionable provision: the one-year time period for Appellee's claim. As Appellants have explained, this provision is easily excised without requiring any reformation or amendment of other contract provisions. Opening Br. at 31. Even if this Court agrees with the district court that the mailing instructions and preliminary injunction provision are also substantively unconscionable (which it should not), these provisions are

likewise easily excised without otherwise altering the agreement. Opening Br. at 31-32. By *Armendariz*'s terms because these provisions can be "extripated," "severance and restriction are appropriate." 24 Cal. 4th at 124. Appellee does not offer any explanation as to why these provisions are not collateral or how their removal would alter the nature of the parties' agreement. And although Appellee claims that "after *Armendariz*, it is safe to say that even [sic] single unconscionable provision, if it is substantive enough, is clear evidence of an intent to gain an unfair advantage against an employee," Appellee offers no argument as to which provision is "substantive enough" to draw this conclusion here. Response Br. at 18.

Appellee is focused on the fact that, in his view, there are "between three and four substantively [sic] and between three and five procedurally unconscionable terms." Response Br. at 18-19. But this vastly overstates the amount of unconscionability in the agreement and Appellee fails to explain why if Appellants are correct about the amount of unconscionability in the agreement, severance of the collateral provisions is not appropriate under *Armendariz* and its progeny, even putting aside the presence of the severability clause.

### C. Under the facts of this case severance is appropriate.

As explained above and in the opening brief, given the facts of this case, and the provisions potentially at issue in an unconscionability analysis, severance is re-

quired under California law. Each case must be examined based on its own particular features. The fact that, in another case, the court decided that the presence of one or more substantively unconscionable terms precluded severance does not preclude severance here even assuming there is more than one substantively unconscionable term involved. *See* Opening Br. 32-35 (explaining why the agreement here is distinguishable from the cases cited by the district court and the Appellee). Appellee still has the burden to establish that any unconscionable terms have a systemic effect sufficient to render the agreement permeated with substantive unconscionability. This, Appellee has failed to show. *See* Opening Br. 34-25.

Appellee's additional cases on appeal fare no better. *See* Response Br. at 16, 18. In *De Leon v. Pinnacle Property Management Services, LLC*, 72 Cal. App. 5th 476, 493 (2021), the court found severance to be inappropriate where there were two substantively unconscionable provisions. Although one of the provisions was, admittedly, a one-year statute of limitations period like the one in this case, *id.* at 487, it was the second provision the court found most troublesome. That second provision limited discovery in a way that prejudiced the employee-claimant's ability to pursue claims. *Id.* at 489-90 ("plaintiff set forth facts tending to show he would be unable to vindicate his statutory rights under the discovery limitations"). Here, Appellee has made no such showing of how his substantive rights would be compromised in any way by the provisions he claims are substantively unconscionable.

Similarly, in *Wherry v. Award, Inc.*, 192 Cal. App. 4th 1242 (2011), there were numerous unconscionable terms and the plaintiffs were only given a few minutes to sign the agreement, without an opportunity to ask questions. *Id.* at 1247. The substantively unconscionable terms included: (1) an illegal cost shifting provision that not only violated general California requirements but also the specific statutory scheme under which the claims were brought; (2) a provision requiring that the arbitration demand be filed within 180 days, despite the one-year limitations period for California FEHA claims; and (3) a one-sided provision allowing the defendant to decline to pursue arbitration. *Id.* at 1248-50. Nothing about this case is comparable.

Finally, the issues in *Zullo v. Superior Court*, 197 Cal. App. 4th 477 (2011), do not resemble the arbitration agreement at issue here, which is a little over one page of a two-page document and is a mutually binding agreement to arbitrate. *Compare with id.* at 485 (noting the *Zullo* arbitration agreement was buried in a "handbook along with a host of other policies relating to working hours, time off, business expenses, medical insurance, conduct at work, and similar topics"). In *Zullo*, unlike here, there was no mutual agreement to arbitrate. Only employees were obligated to do so. *Id.* at 486. Moreover, the agreement in *Zullo* was so "lack[ing] mutuality

in that it requires the employee, but not the employer, to respond to any communications regarding the arbitration proceedings within 10 days or forfeit her claim." *Id.* at 487.

In sum, none of these cases overrides the straightforward application of *Armendariz* to excise any substantively unconscionable provisions in this case.[4] Each arbitration agreement needs to be evaluated on its own terms and the ones in Appellee's cases were fatally flawed in ways not present here.

### D. Appellee fails to meet his burden to show the arbitration agreement should not be enforced.

It was Appellee's burden to show the arbitration agreement was unconscionable and unenforceable. He failed to meet his burden here. In his response, he fails to defend crucial parts of the district court's reasoning or to respond to Appellants'

---

[4] Similarly, the cases cited on page 5-6 of Appellee's brief all included provisions that were more problematic than here or that could not be excised without re-writing the agreement: *Ontiveros v. DHL Express (USA), Inc.*, 164 Cal. App. 4th 494, 515 (2008) (discovery, cost-shifting, and delegation issues substantively unconscionable and removal would require re-writing agreement); *Samaniego v. Empire Today LLC*, 205 Cal. App. 4th 1138, 1149 (2012) (severance request was forfeited where agreement included high procedural unconscionability given the plaintiffs were non-English speakers only provided agreement in English and the clause was buried at the end of a single-spaced, eleven-page agreement, as well as including substantively unconscionable provisions addressing cost-shifting, a 6-month period to file the claim, and preliminary injunctive relief carve out); *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 788 (9th Cir. 2002) (agreement included one-sided discovery provisions, illegal cost-shifting provision, and included a broad carve-out for claims favoring the employer); *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 1005 (9th Cir. 2010) (containing so many unconscionable provisions that there would be "virtually nothing" left to enforce if the provisions were severed).

allegations of error.  This Court should hold the district court erred in the amount of procedural and substantive unconscionability it found, hold the district court erred in failing to sever any collateral unconscionable provision, and hold that the arbitration agreement is enforceable.

## CONCLUSION

This Court should reverse the judgment, declare the arbitration agreement valid and enforceable, and compel Appellee to arbitrate his claims as he agreed.

Dated:  March 15, 2022

Respectfully submitted,

By:  _/s/ Thomas M. Peterson_
Thomas M. Peterson

Counsel for Appellants
USF REDDAWAY, INC. AND
YELLOW CORPORATION

20

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 4,735 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word 2016 Times New Roman 14-point font.

By: _/s/ Thomas M. Peterson_
Thomas M. Peterson