*C.A. No. 21-55685*

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JOSE EMILIO RONDEROS, an individual,

Plaintiff-Appellee,

v.

USF REDDAWAY, INC, an Oregon Corporation; YELLOW CORPORATION, FKA YRC Worldwide, Inc.,

Defendants-Appellants.

On Appeal from the U.S. District Court for the District of Central California (Hon. Michael W. Fitzgerald) Case No. 5:21-CV-00639

# STATUS REPORT OF DEFENDANT-APPELLANT YELLOW CORPORATION FKA YRC WORLDWIDE, INC.

Daniel A. Saunders
DSaunders@kasowitz.com
KASOWITZ BENSON TORRES LLP
1801 Century Park East
Suite 2454
Los Angeles, California 90067
Telephone: (424) 288-7900
Facsimile: (424) 288-7901

Attorneys for Defendants-Appellants
USF REDDAWAY, INC. AND
YELLOW CORPORATION

Defendant-Appellant Yellow Corporation f//k/a YRC Worldwide Inc. ("Yellow Corporation"), by and through its undersigned attorneys, submits the following status report pursuant to the Court's Order dated September 6, 2023 (Dkt. No. 42).

On August 24, 2023, Yellow Corporation notified the Court and Plaintiff-Appellee Jose Emilio Ronderos ("Ronderos") that Yellow Corporation and certain of its affiliates, including but not limited to Defendant-Appellant USF Reddaway, Inc. ("Reddaway," and together with Yellow Corporation, "Debtors" or "Appellants"), filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, in the United States Bankruptcy Court for the District of Delaware. (Dkt. No. 41).

Although the Debtors' cases before the Bankruptcy Court (Case No. 23-11069-CTG, *et seq.*), which are jointly administered for procedural purposes, are still ongoing and the automatic stay remains in effect, on July 29, 2024, the Bankruptcy Court entered on Order—attached as Exhibit A hereto (the "Bankruptcy Court Order")—modifying the automatic stay in this matter as follows:

> The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified solely with respect to the District Court and the Court of Appeals solely to the limited extent necessary to enable (a) the Civil Action to proceed in all respects to final judgment, settlement, or arbitration award, including any appellate and/or confirmation proceedings and (b) Ronderos to recover, collect, and enforce any final judgment, settlement, or award (if any) solely against the Insurance Policy, if available.

Bankruptcy Court Order, at ¶ 3.[1]  By virtue of the Bankruptcy Court Order, the Bankruptcy Court modified the automatic stay so that Ronderos may prosecute his claims in the underlying district court action (Case No. 5:21-cv-00369-MWF-DTB) to judgment, settlement, or award and satisfy any resolution he may obtain against the Debtors from the proceeds of the insurance policy applicable to such action.

Accordingly, Appellants respectfully request that this Court issue its opinion on their appeal from the district court's June 2, 2021 order denying their motion to compel arbitration, which this Court took under submission following oral argument on July 11, 2022.

Dated:  July 30, 2024				Respectfully Submitted,

						KASOWITZ BENSON TORRES LLP


						By:*/s/ Daniel A. Saunders*
						    Daniel A. Saunders
						    DSaunders@kasowitz.com

						Attorneys for Defendants-Appellants
						USF REDDAWAY, INC. AND
						YELLOW CORPORATION

---

[1] Capitalized terms used but not defined in paragraph 3 have the meaning given to them in the Stipulation annexed as Exhibit 1 to the Order.