Docket No. 21-55685
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

JOSE EMILIO RONDEROS,
*Plaintiff-Appellee,*

v.

USF REDDAWAY, INC., an Oregon Corporation;
YELLOW CORPORATION, FKA YRC Worldwide, Inc.,
*Defendants-Appellants*

_____

On Appeal from the United States District Court for the
Central District of California, Case No. 5:21-cv-006329-MWF-DTBx,
Honorable Michael W. Fitzgerald
_____

**APPELLANTS' UNOPPOSED MOTION FOR 30-DAY EXTENSION OF TIME TO PETITION FOR REHEARING AND/OR FOR REHEARING EN BANC**
_____

DANIEL A. SAUNDERS, ESQ.
KASOWITZ BENSON TORRES LLP
1801 Century Park East
Suite 2454
Los Angeles, California 90067
(424) 288-7900 Telephone
(424) 288-7901 Facsimile
dsaunders@kasowitz.com
Attorneys for Defendants-Appellants
USF REDDAWAY, INC. and
YELLOW CORPORATION

Pursuant to Fed. R. App. Proc. 27, Defendants-Appellants USF Reddaway, Inc. and Yellow Corporation, FKA YRC Worldwide, Inc. ("Appellants") respectfully move this Court for a 30-day extension of time within which to file a petition for hearing and/or rehearing en banc in connection with their appeal in this matter. As set forth below, good cause exists for the requested extension based on the work and personal schedules of counsel, the complexity of the issues presented by the decision, and the need for Appellants to analyze the decision and determine whether to seek further review. *See* Declaration of Daniel A. Saunders ("Saunders Decl.") ¶ 3. If the requested extension is granted, the petition would be due on October 7, 2024. Counsel for Plaintiff-Appellee Jose Emilio Ronderos does not oppose the requested extension. Saunders Decl., ¶ 5.

On August 22, 2024, a panel of this Court (Judges Mark J. Bennett, Jennifer Sung, and District Judge Elizabeth E. Foote) issued a divided published opinion in this case, affirming the district court by a 2-1 vote. The majority held that the arbitration agreement at issue was procedurally unconscionable to a moderate degree, that two provisions of the agreement were substantively unconscionable, and that the district court did not abuse its discretion by declining to sever the unconscionable provisions and enforce the remainder of the agreement. In a dissenting opinion, Judge Bennett found that the arbitration agreement was only minimally procedurally unconscionable and that the district court abused its

1

discretion and misapplied California law in declining to sever the unconscionable collateral provisions from an arbitration agreement that included an express severability clause.  Appellants are evaluating the decision and their options for filing a petition for rehearing and/or rehearing en banc.  Saunders Decl., ¶ 2.

Under Fed. R. App. P. 40(a)(1), a petition for panel rehearing "may be filed within 14 days after entry of judgment," unless that time is extended.  Under Fed. R. App. P. 35(c), a petition for rehearing en banc "must be filed within the time prescribed by Rule 40 for filing a petition for rehearing."  Because the panel's opinion was entered on August 22, 2024, a petition for rehearing and/or rehearing en banc would ordinarily be due on September 5, 2024.  *See* Fed. R. App. P. 26(a).  The due date for filing the petition may be extended for good cause.  *See* Fed. R. App. P. 26(b).

As set forth in the attached declaration, good cause exists for a 30-day extension.  This case presents complex questions of state and federal law, as reflected by the 35-page majority opinion and 21-page dissenting opinion.  As such, any petition for rehearing would require careful analysis, deliberation, and briefing.  In addition, Appellants' counsel has conflicting commitments in other cases that require attention within the same time period, as well as personal travel and family obligations.  *See* Saunders Decl., ¶ 3.  Finally, time is required for

Appellants and their counsel to review and analyze the decision and determine whether to seek further review from this Court.

Appellants' counsel has at all times during this matter exercised diligence in providing timely and professional briefing to this Court, and any petition will be filed within the time requested. Saunders Decl., ¶ 4.

For the foregoing reasons, Appellants respectfully submit that a 30-day extension of the due date for filing a petition for rehearing and/or for rehearing en banc, to and including October 7, 2024, should be granted.

Dated: August 26, 2024         KASOWITZ BENSON TORRES LLP

By: */s/Daniel A. Saunders*

Daniel A. Saunders
1801 Century Park East,
Suite 2454
Los Angeles, CA 90067
Telephone: (424) 288-7900
Facsimile: (424) 288-7901
dsaunders@kasowitz.com

*Attorneys for Defendants-Appellants
USF Reddaway, Inc. and
Yellow Corporation*

# DECLARATION OF DANIEL A. SAUNDERS

I, Daniel A. Saunders, declare and state as follows:

1. I am an attorney admitted to practice before this Court and am counsel to Defendants-Appellants USF Reddaway, Inc. and Yellow Corporation ("Appellants"). I make this declaration on personal knowledge, and if called as a witness could testify competently to the facts set forth herein.

2. Appellants are evaluating the panel majority and dissenting opinions issued on August 22, 2024, and their options for filing a petition for rehearing and/or rehearing en banc.

3. In the absence of an extension, a petition for rehearing and/or rehearing en banc would be due on September 5, 2024. I believe that good cause exists for a 30-day extension of time to October 7, 2024 in light of the following factors:

   (a) The majority opinion is 35 pages, and the dissenting opinion is 21 pages. As reflected by those opinions, this case involves a number of complex issues of law, including but not limited to procedural unconscionability, substantive unconscionability, severability of unconscionable provisions, and application of the Federal Arbitration Act. Any petition for rehearing and/or rehearing en banc will require careful analysis, deliberation, and briefing.

(b) I am currently on the East Coast preparing for and attending my daughter's wedding, and will not return to Los Angeles until September 4, the day before the current due date for a petition for rehearing. Upon returning to the office, I have numerous commitments in other cases, including a complex motion hearing on September 6, a deposition on September 10, an arbitration hearing on September 11, summary judgment hearings on September 24 and October 2, and ongoing responsibilities in numerous other pending matters.

4. Appellants' counsel has at all times during this matter exercised diligence in providing timely and professional briefing to this Court. Any petition for further review will be filed within the time requested.

5. On August 23, 2024, I wrote to Alireza Alivafanda, counsel for Plaintiff-Appellee Jose Emilio Ronderos, to seek Appellee's position on this motion. Mr. Alivafanda responded that Appellant does not object to this request for a 30-day extension of time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 26th day of August, 2024, at New York, New York.

<u>s/Daniel A. Saunders</u>
Daniel A. Saunders